Dorr<br>v.<br>Wainwright

*Decree affirmed.*

---

## Peter Wainwright Junior *et al.*, Appellants, *versus* Nathaniel Dorr *et al.*

*It seems,* that a judge of probate has no authority to order partition among devisees of a remainder; but if he has such authority, it is limited to remainders which have become vested at the time of the partition.

Probate appeal.   Susannah Lambert devised to her four daughters as follows, *mutatis mutandis* : — " I give, grant, devise and bequeath one quarter part of all my estate, real, personal and mixed, to my beloved daughter, Susan Dorr, wife of Nathaniel Dorr, to have and to hold the same to her for and during her natural life, and at her decease to go to such of the children of my said daughter Susan, now born or to be born, who shall be living at the time of her decease, to have and to hold to them, their heirs and assigns forever ; and the legal representatives of any child of my said daugh-

ter, who may have deceased, to be entitled to the same share as his or her parent would have been, if then living."

Two of the daughters, namely Susan Dorr and Harriet Blanchard, with their husbands, and the children of Lucy Fellowes, a deceased daughter, presented a petition to the judge of probate to have their shares of the real estate set off to them in severalty. Whereupon the judge of probate decreed that the real estate should be divided among the devisees in the proportion of fourth parts, and their respective portions assigned to them and their respective children accordingly ; and commissioners were appointed to make the partition.

From this decree Peter Wainwright junior and Charlotte his wife (one of the four daughters of the testatrix) and their child appealed, because the decree orders partition, not only of the life estate of each daughter, but also of the remainder after the expiration of such estate, so that a remainder of one certain, distinct, divided fourth part of the estate is to go to the children of each daughter who shall survive her, and to the representatives of any child who shall decease before its mother.

W. Phillips, for the appellants, said that all the devisees were desirous of having a partition, and the question was, whether the judge of probate has authority to divide the contingent remainders, created by this will. He argued that the language of our statutes respecting partition, is broad enough to embrace contingent remainders, and that it was apparently intended to avoid the limitations and restrictions of the common law and of the English statutes. He cited St. 1783, c. 41 ; St. 1783, c. 36, § 5 ; St. 1817, c. 190, § 24 ; Hunt v. Hapgood, 4 Mass. R. 117 ; Sumner v. Parker, 7 Mass. R. 79 ; Peirce v. Oliver, 13 Mass. 213 ; English statutes of 31 Hen. 8, c. 1 ; 32 Hen. 8, c. 32 ; and 8 and 9 Will. 3, c. 31 ; Mitf. Pl. 97 ; Ireland v. Rittle, 1 Atk. 541 ; Baring v. Nash, 1 Ves. & Beam. 554 ; Wills v. Slade, 6 Ves. 498 ; Striker v. Mott, 2 Paige, 387 ; 2 Revised Stat. New York, Part 3, c. 5, tit. 3, § 7, 35. As to revising a partition on the ground of inequality, Allnut on Partition, 31 ; Co. Lit. 170 a ; Thomas v. Gyles, 2 Vern. 233 ; 16 Viner's Abr. 221, Partition, E.

*W. B. Dorr*, for the appellees.

The opinion of the Court was afterwards drawn up by

WILDE J.  The question is, whether the judge of pro-bate was authorized by law to order the division prayed for, as the remainders expectant upon the determination of the estates for life in the four daughters respectively were con-tingent, and may hereafter in part vest in persons not now *in esse ;* and as the portions of the living children of the four daughters were, for that reason, uncertain, and could not then, and cannot now, be ascertained.

All the authority which the judge of probate has upon this subject is derived from the statute of 1817, *c.* 190, in which the provisions of previous statutes relating to the mat-ter are reënacted, and the jurisdiction of the court of pro-bate is in some cases · enlarged.  By the 24th section it is enacted, that whenever in the settlement of the estate of any person deceased, there shall be any real estate to be divided among his or her heirs or devisees, the judge of probate having jurisdiction of the settlement of such estate, shall cause such division to be made among the heirs or devisees of the person deceased, pursuant to his or her will, or to the laws regulating the descent and distribution of intestate estates, as the case may be.  And where such real estate cannot be divided among all the heirs or devisees without great preju-dice to, or spoiling the whole, the said judge may assign the whole to one, or to so many of the heirs or devisees as the same will conveniently accommodate &c., the heir or heirs, devisee or devisees paying to the other heirs or devi-sees, their heirs or assigns, their proportionable shares of the true value thereof on an appraisement, or giving sufficient security to pay the same, as the judge of probate shall direct.

By section 26th it is further enacted, that such division of any such real estate, made as aforesaid, and accepted by the judge of probate, and recorded in the probate office, shall be binding on all persons interested.  It provides also for notice to all persons interested in such estate, if living within the commonwealth, so that they may have an oppor-tunity to make their objections to the partition.  And if there be any minor, or any person *non compos mentis,* or who may

Wainwright
*v.*
Dorr.

be living out of the commonwealth, who are interested in the estate, some suitable persons are to be appointed as guardians for such minors, or persons *non compos*, and to act for such absent persons in making such division.

. By the 28th section it is provided, that no partition shall be ordered by any judge of probate under this act, when the proportions of the heirs or devisees, or any of them, shall be disputable by the tenor of the will in the case, or any other matter in writing, from which it shall appear that the proportions are uncertain, and ought, in the opinion of the judge, first to be legally ascertained.

The 30th section provides, that all persons interested in the estate shall pay their just proportion of the charges attending the partition ; and on failure a warrant of distress may issue against the delinquent.

By section 31st the judge of probate is authorized to order a division of the reversion and remainder expectant upon the determination of any estate in dower, in like manner as the division of the other parts of such estate.

These appear to be all the provisions which are in any way material in the decision of the present question ; and upon full consideration, we are all of opinion that they do not authorize the proceedings of the judge of probate in ordering the division prayed for.

It **would** seem probable at least, that the 24th section, which is the principal section that defines and limits the jurisdiction of the judge of probate in making division of real estate, was intended to be confined to cases of divisions among heirs and devisees in fee, and was not intended to embrace reversions and remainders. Formerly the judge of probate was only authorized to make division of the estates of persons dying intestate, among the heirs. The jurisdiction of the judge of probate was first enlarged so as to extend to the division of the estates of devisees, by the provincial statute of 1752 ; Ancient Chart. 594. And from the preamble of that act, and from the first enacting clause, it seems quite clear, that reversions and remainders were not within the contemplation of the legislature. The words of the enacting clause are, " That when and so often as

any devisee, *who holds any real estate*, in partnership with any other person or persons, by force of any last will and testament, shall make application to the judge of probate of wills, &c.," he is authorized to make division or partition, &c. The same language is used in the statute of 1783, *c*. 36, § 12. Now a reversioner or remainderman cannot be said, in any legal sense, to hold real estate, nor have we any reason to suppose that the language of these statutes was used, or intended to be used, in any other sense, so as to comprehend cases of remainders and reversions. Nor is there any thing in the language of the statute of 1817, *c*. 190, to justify the inference that the jurisdiction of the judge of probate, in this particular, was intended to be enlarged ; but quite a contrary inference may be drawn from the 31st section, which authorizes the division of reversions and remainders expectant upon the determination of estates in dower, but of no other estates. But it is not necessary to determine in this case, whether the 24th section of the act of 1817, *c*. 190, is to be construed in this restricted sense or not ; for if it be admitted to extend to devises of remainders, as well as devises of estates in possession, it must be limited to remainders which have vested at the time of the division. It is quite clear, we think, that the whole estate in the land, which is the subject of division, must be divided, and parcelled out among the different owners, or an equivalent is to be paid in money, or secured to be paid, when the whole is assigned to one, or not to all the devisees, according to the provisions of the statute.

And again, it is plain from the language of the statute, that all persons interested in the estate to be divided are to be made parties, are to receive notice, and are to be bound by the division. It is necessary also, that the proportion of each party should be ascertained, otherwise the division cannot be made. And each party is to pay his just proportion of the charges of the division or partition.

Now it is impossible that these provisions can be complied with in the present case. The whole estate cannot be divided, for a part perhaps has not vested in any sense, or if

Wainwright
*v.*
Dorr.

it is divided among those who are interested, and are now living, there will be nothing left for future born children.

Suppose an equal division cannot be made, which from the nature of the estates, consisting of buildings, &c., is quite probable, and money is to be paid for owelty of partition, to whom is it to be paid ? Not all, certainly, to the tenant for life, nor to her and her children now living, for future children may be born ; and how are their proportional shares to be secured, if they could be ascertained ? The judge of probate is not authorized to appoint a trustee to act for them, nor is any provision whatever made for obviating these manifest difficulties. But it is a conclusive objection to the proceedings in this case, and to any proceedings that can be devised, that the proportions of the grand-children who are now living, and to whom remainders are devised, cannot be ascertained. There is an express prohibition against any order of the judge of probate for partition, when the proportions of the heirs or devisees, or any of them, shall be disputable, until such proportions shall be first ascertained. *A fortiori* he cannot proceed, when such proportions are not only disputable and uncertain, but are wholly incapable of being reduced to certainty. Partition might be made on petition for partition by the common law courts, between the tenants for life ; but such a partition would not be binding on those who may hereafter be entitled to claim the possession of the remainders.

*Decree of judge of probate reversed and petition dismissed.*